MARIAN NEAL, J. ROBERT NEAL, JR., AND NINA MARGARET NEAL TRUST, SECOND NATIONAL BANK OF HOUSTON, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92948, 92949, 95462.   Promulgated December 7, 1939.

*Wright Matthews, Esq.*, for the petitioner.
*James H. Yeatman, Esq.*, for the respondent.

1034

OPINION.

ARNOLD: Whether the instrument of July 8, 1929, created one trust or three separate trusts depends upon the intention of the settlor and that intention must be ascertained from the instrument itself. *Langford Investment Co.* v. *Commissioner*, 77 Fed. (2d) 468; *Mc-Ginley* v. *Commissioner*, 80 Fed. (2d) 692; *State Savings Loan & Trust Co.* v. *Commissioner*, 63 Fed. (2d) 482; *Huntington National Bank* v. *Commissioner*, 90 Fed. (2d) 876.

An examination of the trust instrument of July 8, 1929, and the amendments thereto, as to terminology used, indicates an intention to create a single trust, the corpus to be divided into three shares by the trustee. The settlor transferred to a trustee personal property consisting of stocks and bonds, as stated in the *habendum* clause, to have and to hold to *the trustee in trust* for the benefit of settlor's three grandchildren and to divide *the trust fund* into three equal shares, one share for each of the settlor's named grandchildren, and within the limits of *the trust term* to dispose of the income and principal as directed.

Article first, paragraph A, refers to the expiration of *the trust term*. In paragraph B, in the event of afterborn grandchildren, the trustee shall unite the principal of all shares then held and shall redivide *the trust fund*. In article second, paragraph C, no assignment by a beneficiary of any part of the income of *the trust herein created* shall be valid, nor can the principal or income *of said trust* be attached. In paragraph E, all stock and extraordinary dividends shall be treated as principal and added *to the trust fund*. In paragraph F, the trustee shall not be required to make physical division of the funds, but in his discretion may keep *the trust corpus* in one or more funds. In paragraph G, the trustee shall not be required

to register stocks or bonds *belonging to the trust* in his own name as trustee. In article third, paragraph B, the settlor reserves the right to designate the investments of *the trust fund*. Article fourth authorizes the trustee to receive other property for the purposes of *the trust hereby created*. It is stated in article fifth that *the trust hereby created* shall be deemed *a Texas trust*. In article eighth, as compensation for services in the administration of *this trust*, and in article ninth the trustee accepts *the said trust*.

On June 20, 1933, John W. Neal, the settlor, executed an instrument amending the trust agreement to permit an accounting between him as settlor and a successor trustee, wherein it is recited he *created a trust* of the property by the agreement of July 8, 1929, and in the amendment proper he refers in two instances to the income and principal of *the trust created*, and in two other instances to *the trust*.

On February 4, 1935, the settlor, designating the Second National Bank of Houston as trustee, stated he *created a trust* by the agreement of July 8, 1929, and in the acceptance by the Second National Bank of Houston of its appointment as trustee, John W. Neal is referred to as the donor of *a trust created* under trust agreement made by him dated July 8, 1929.

Neither the original trust agreement nor the amendments thereto specify three separate trusts, nor does it appear from the language used that more than one trust was intended to be created by the settlor. While terminology alone is not conclusive, the frequent references to a single trust require that indications of a contrary intention should be clear. *Huntington National Bank* v. *Commissioner, supra; Langford Investment Co.* v. *Commissioner, supra; State Savings Loan & Trust Co.* v. *Commissioner, supra.*

We can find no clear indications in this agreement that the settlor intended to create three trusts. He designated no specific lot of securities in which any grandchild had a beneficial interest. He made no direction for specific segregation, and none of the successive trustees made any segregation. The direction of the *habendum* clause that the trustee *divide* the trust fund into three equal shares and dispose of the income and property of said shares, as qualified by the settlor's direction of distribution of income and principal which follows, convinces us that he intended to create one trust with three equal beneficiaries. The provision that afterborn grandchildren should share equally with the three provided for in the agreement is a further indication that one general trust fund was set up with three or more equal beneficiaries.

In *McGinley* v. *Commissioner, supra*, the Board was affirmed in holding but one trust was created where the trust instrument provided: "My said Trustees shall divide said trust estate hereby

created into five (5) equal shares, one (1) share to be held in trust for each of my five (5) children * * *." The Board in its opinion said:

> It will be observed that there is nothing said about separate trusts, but the direction is to divide the trust estate into five equal shares and that the income from each child's share shall be paid to it and its share of the principal of "said trust estate" upon the happening of certain events.

The cases cited and relied on by petitioner all involve facts and circumstances differing from those here present to an extent sufficient to make them distinguishable from the case before us on facts. The trust here was administered as one entity, both the corpus and the income were kept in a single fund, no segregation or division of the trust property, as between the beneficiaries, was ever made, and a single account was kept by the various trustees. The instrument before us, considered as a whole, and in connection with all other relevant facts and circumstances, does not in our opinion show an intention on the settlor's part to create three separate trusts, and we hold the trust created thereby is taxable as a single entity.

*Judgment will be entered for the respondent.*